Thomas J. ERICKSON, Plaintiff–Appellant,

v.

Denise COULING, Esq.; John Doe, 1–50; Terrance P. Sheehan; Sean O'Bryan, Esq.; Constance E. Cumbey; Jan Macainsh; Tina Fanning; Sheehan & Couling, P.C.; Suellen Parker; Cumbey & Associates; Richard Yuille; Robert Ransom; Genesee County Circuit Court; Duncan Beagle; Judith Fullerton; Geoffrey Nethercut; Joseph N.; Thomas Gadola; Bruce Newman; Michael J. Carr; Barbara Nenear; Genesee County; Genesee County Board of Commissioners, Defendants–Appellees.

No. 02–1509.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2002.

Before DAUGHTREY, GILMAN, and GIBSON,\* Circuit Judges.

Thomas J. Erickson, a Michigan resident proceeding pro se, appeals a district court order denying his post-judgment

designation.

"Emergency Ex Parte Motion," filed after the district court dismissed his civil action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 2, 2001, Erickson filed a complaint in federal court, seeking to remove domestic relations proceedings filed by him from state court. The district court dismissed the action pursuant to Fed. R.Civ.P. 12(b)(6) on July 23, 2001, and this court affirmed the district court's judgment on March 27, 2002. *See Erickson v. Couling,* 31 Fed.Appx. 307 (6th Cir.2002) (unpublished). During the pendency of the appeal, Erickson filed a series of unsuccessful motions in the district court. In his instant rambling motion filed March 24, 2002, Erickson asserted that removal was necessary due to "new evidence." The district court denied the motion on March 21, 2002, reasoning that it lacked jurisdiction over the action due to the then pending appeal in Case No. 01–2184.

In the instant appeal, Erickson argues that removal is necessary due to constitutional violations by the state courts and possible retaliatory acts by the police and the state bar. He requests that this case be considered in conjunction with his appeal in Case No. 01–2184 and with the appeal from the denial of other post-judgment motions in Case No. 01–2540. He has also filed a petition for en banc determination of his appeal. The defendants have requested oral argument.

The district court properly concluded that it lacked jurisdiction over the post-judgment "Emergency Ex Parte Motion." A district court generally loses jurisdiction over an action once a party files a notice of appeal unless the appeal is untimely, presents issues previously decided by the appellate court, or is from a non-final, non-appealable order. *Pittock v. Otis Elevator Co.,* 8 F.3d 325, 327 (6th Cir.1993). The district court also retains jurisdiction to consider a Fed.R.Civ.P. 60(b) motion filed within ten days of the judgment. *See* Fed. R.App. P. 4(a)(4); *Avery v. Nicol,* No. 99–3423, 2000 WL 282903, at *1 (6th Cir. Mar.10, 2000) (unpublished). In the instant case, the district court was without jurisdiction because Erickson had filed an appeal from the dismissal of the action approximately eight months before filing the instant post-judgment motion and because none of the above exceptions applied.

Accordingly, Erickson's request to consolidate all three of his appeals is denied, the defendants' request for oral argument is denied, Erickson's petition for en banc determination is denied, and the district court's order is affirmed.